UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CRAIG G. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA R. COOPER and<br>JEFFREY M. KAELIN,<br><br>Defendants.<br>_____/ | Case No. 13-14269<br><br>SENIOR UNITED STATES DISTRICT<br>JUDGE ARTHUR J. TARNOW<br><br>MAGISTRATE JUDGE R. STEVEN<br>WHALEN |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [17]**

Plaintiff brings this 42 U.S.C. § 1983 suit against Defendants for refusing him postconviction access to information concerning urine analysis evidence introduced at Plaintiff's criminal trial. Defendants filed a Motion to Dismiss [17] on March 6, 2014. Plaintiff filed a Response [19] on March 23, 2014.

For the reasons stated below, Defendants' Motion to Dismiss [17] is **GRANTED**.

1

## FACTUAL BACKGROUND

In April 2006, a jury convicted Plaintiff of crimes in Michigan state court. Plaintiff, who is presently pursuing habeas relief in this Court, recently filed a motion in his habeas case seeking essentially the same relief he is seeking in this suit. The Court described the factual background for that motion, in relevant part, as follows:

> [P]etitioner seeks discovery to support his claim that Michael Evans testified falsely at petitioner's trial that the employees of his company, AIT Labs, performed a urinalysis on a urine sample of petitioner's and that it tested positive for steroids. Petitioner also suggests that there may have been tampering with the evidence because an earlier urine sample from the same day had tested negatively for steroids.… Petitioner seeks an order directing the discovery of the identity [and contact information] of the lab technician or technicians that conducted both of the urinalysis tests of the February 2003 sample of his urine … and the chain-of-custody records for his urine sample.
> … Petitioner filed a motion for discovery in the [state] trial court, but the judge denied the motion. Petitioner, however, has yet to file a post-conviction motion for relief from judgment in the state courts.

*Brown v. Aud*, No. 09-10735, 2015 WL 574875, at *1 (E.D. Mich. Feb. 11, 2015).

Defendant Kaelin, in his capacity as Assistant Prosecuting Attorney, successfully opposed Plaintiff's motion for discovery in the state trial court. Plaintiff claims that Defendant Kaelin and Defendant Cooper, in her capacity as Oakland County Prosecuting Attorney, have rejected his informal requests to

produce the information he seeks. Plaintiff further alleges that Defendant Kaelin has acted with the intent to violate Plaintiff's constitutional rights, and that Defendant Cooper has acted with knowledge of the alleged violations.

## ANALYSIS

Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide fair notice to the defendant of what the claim is and the grounds upon which it rests. The Court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012). The complaint must plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### I. Procedural Due Process

"To establish a procedural due process violation, a plaintiff must show that the state deprived him or her of a constitutionally protected interest in life, liberty, or property without due process of law." *Castanon v. Johnson*, No. 12-5497, 2012

WL 10236221, at *1 (6th Cir. Dec. 19, 2012) (unpublished) (quoting *Michael v. Ghee,* 498 F.3d 372, 377 (6th Cir. 2007)) (internal quotation marks omitted).  State law providing for postconviction relief creates a liberty interest, requiring adequate application of the procedures governing that relief.  *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne,* 557 U.S. 52, 68 (2009) (holding that Alaska law providing for postconviction relief upon new evidence of innocence gave plaintiff "a liberty interest in demonstrating his innocence with new evidence," along with an attendant right to procedures necessary to effectuate that interest).  However, "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided."  *Id.* at 69.  This is a demanding standard.  *See Skinner*, 131 S. Ct. 1289, 1293 (2011) ("*Osborne* … left slim room for [a plaintiff] to show that the governing state law denies him procedural due process.").

    Plaintiff claims that Defendants unconstitutionally deprived Plaintiff of his liberty interest, created by Michigan law, in postconviction relief.  Plaintiff alleges that Defendants did so by successfully urging the Michigan trial court to deny Plaintiff's postconviction discovery motion on the grounds that Plaintiff has no legal right to postconviction discovery.  Plaintiff alleges that this construction of Michigan law deprived him of the ability to identify grounds for a motion for relief

4

from judgment, rendering Michigan's postconviction procedures constitutionally inadequate.

In Plaintiff's habeas case, the Court recently explained that Plaintiff appears to have misunderstood the rationale for the denial of his postconviction discovery motion:

> Petitioner argues that the State of Michigan does not provide for postconviction discovery and that the state judge already denied him discovery on this basis. Petitioner is not entirely correct with either premise. M.C.R. 6.507 provides that the parties may "expand the record by including any additional materials [the court] deems relevant to the decision on the merits of the motion. The expanded record may include letters, affidavits, documents, [and] exhibits....". *See also People v. Grissom,* 492 Mich. 296, 330, n. 16, 821 N.W.2d 50, 68 (2012) (Kelly, J., concurring). Michigan thus provides a basis for limited discovery in post-conviction proceedings. Moreover, it is not clear that the judge denied petitioner's discovery request on the ground that Michigan does not provide discovery in post-conviction cases or that the prosecutor opposed petitioner's request on this basis. Although the prosecutor argued at the motion hearing that there was no post-appeal discovery, he appeared to argue this in the context of noting that petitioner's case was closed and that petitioner had yet to file a motion for relief from judgment. The prosecutor suggested that petitioner could file a motion for relief from judgment and request this information as part of that motion. (Tr. 6/26/13, pp. 4-7, attached as Petitioner's Exhibit A to the Motion for Evidentiary Hearing/Renewed Motion for Discovery). The prosecutor, in fact, in their reply to petitioner's motion acknowledged that petitioner could obtain discovery pursuant to M.C.R. 6.507(A) provided that there was a pending motion for relief from judgment. (People's Response to Defendant's Post-Conviction Post-Appeal Motion to Compel Discovery, pp. 4-5, attached as Petitioner's Exhibit B to Petitioner's Reply Brief). Petitioner thus has a potentially available state remedy to obtain this discovery ….

*Brown v. Aud*, No. 09-10735, 2015 WL 574875, at *2-*3 (E.D. Mich. Feb. 11, 2015).

Plaintiff's procedural due process claim fails as a matter of law. As the Court explained in the habeas case, Michigan does provide a form of postconviction discovery *after* the filing of a motion for relief from judgment. Plaintiff has not alleged that the post-filing discovery procedures are constitutionally inadequate on their face, and he cannot allege that they are inadequate as applied because he has not tried to use them. *See Osborne*, 557 U.S. at 71 (stating that the plaintiff had failed to meet his "burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief" because the challenged procedures "are adequate on their face, and without trying them, [the plaintiff] can hardly complain that they do not work in practice"). Instead, Plaintiff suggests that Michigan is constitutionally obligated to provide for postconviction discovery *before* the filing of a motion for relief from judgment. The Supreme Court, however, has held that federal courts cannot invoke procedural due process to mandate the form of assistance that states provide for postconviction relief. *Osborne*, 557 U.S. at 69 ("When a State chooses to offer help to those seeking relief from convictions, due process does not dictate the exact form such assistance must assume.") (quoting *Pennsylvania v. Finley,* 481 U.S.

551, 559 (1987)) (internal quotation marks and alterations omitted). Accordingly, the Court will dismiss Plaintiff's procedural due process claim for failure to state a claim upon which relief may be granted.

## II. Substantive Due Process / Access to the Courts

Plaintiff brings a substantive due process claim, alleging that Defendants have violated Plaintiff's fundamental rights. Plaintiff's Complaint identifies the fundamental right at issue as Plaintiff's Sixth Amendment right "to discover the identity of the forensic analyst(s) when the state introduces their test reports *ex parte* against him at trial to prove the truth of the matter asserted." Plaintiff's response to Defendants' motion to dismiss, on the other hand, suggests that the fundamental right at issue is Plaintiff's right of access to the courts.

The Court does not believe substantive due process is the appropriate doctrinal basis for these claims. To the extent that Plaintiff's putative substantive due process claim is grounded on the explicit protections of the Sixth Amendment's Confrontation Clause, the Court finds the claim not cognizable. *Boroff v. Van Wert City Bd. of Educ.*, 220 F.3d 465, 471 (6th Cir. 2000) ("[T]he Supreme Court has repeatedly emphasized that substantive due process is not to be used as a fallback constitutional provision when another provision or amendment ... directly addresses the subject.") (citing *Conn v. Gabbert*, 526 U.S. 286, 293

7

(1999)). The constitutional right of access to the courts is not explicitly addressed by any one constitutional provision—in fact, the Supreme Court has recognized its own inconsistency in identifying the source of the right. *Christopher v. Harbury*, 536 U.S. 403, 415 & n.12 (2002). However, since the Supreme Court in *Harbury* treated "denial of access to courts" as an independent doctrine or category of claims, the Court will construe Plaintiff's putative substantive due process claim as an access-to-courts claim of the sort identified in *Harbury*.

The Court in *Harbury* identified two categories of access-to-courts claims. The first, "forward-looking" category of claims seeks to remove a "frustrating condition," such as a filing fee or the absence of a law library, that is presently impeding a plaintiff's ability to pursue a claim. *Id.* at 413. The second type of claim looks "backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable … [and seeks] relief obtainable in no other suit in the future." *Id.* at 414.

Rather than identify a "frustrating condition" preventing him from pursuing future claims, Plaintiff looks back to the time of the hearing on his postconviction discovery motion. Plaintiff claims that Defendant Kaelin, acting as an agent of Defendant Cooper, violated Plaintiff's right of access to the courts by successfully arguing for the denial of the motion, thereby foreclosing Plaintiff's use of

8

Michigan's postconviction procedures. As explained above, however, Defendant Kaelin merely argued that Plaintiff must make use of Michigan's postconviction procedures in the manner set forth by statute—specifically, by requesting discovery *after* filing a motion for relief from judgment, rather than before. As further explained above, Plaintiff has failed to state a claim regarding the inadequacy of those procedures. Plaintiff therefore cannot demonstrate that the relief he seeks in the present suit is "obtainable in no other suit in the future." His access-to-courts claim fails as a matter of law.

### III. Equal Protection

Plaintiff claims that Defendants have violated his constitutional right to equal protection. Plaintiff alleges that "Defendant Cooper and Kaelin have singled Plaintiff out, intentionally and purposely treating him differently from others similarly situated without a rational basis for the difference in treatment." However, Plaintiff does not identify any similarly situated individuals or attempt to describe Defendants' conduct towards them. In short, Plaintiff's claim lacks "any plausible allegation of disparate treatment" and must be dismissed. *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379-80 (6th Cir. 2011) (dismissing equal protection claim for failure to state a claim because the

9

allegations of disparate treatment "amount[ed] to conclusory and unadorned assertions").

## CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [17] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 12, 2015              Senior United States District Judge